UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

MICHAEL D. DALLUGE,

                Petitioner,

v.

UNITED STATES OF AMERICA,

                Respondent.

Case No. 25-cv-4215 (LMP/EMB)

**ORDER ADOPTING
REPORT AND RECOMMENDATION**

---

      Petitioner Michael D. Dalluge filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging that his Eighth Amendment "rights to medical care" have been violated by staff at Federal Medical Center in Rochester, Minnesota. ECF No. 1 at 1. Specifically, Dalluge alleges that medical staff at FMC Rochester have prescribed him Vivitrol to treat his opioid addiction and have refused to prescribe Suboxone despite the benefits Dalluge asserts. *Id.* at 1–2. Dalluge requests that the Court order his medical team to administer Suboxone and to order his primary-care physician to be changed. *Id.* at 2.

      On December 10, 2025, United States Magistrate Judge Elsa M. Bullard issued a Report and Recommendation ("R&R"), recommending dismissal of Dalluge's habeas petition. ECF No. 6. The R&R concluded that Dalluge was challenging the conditions of his confinement—not the validity of his conviction or the length of his detention—so habeas relief was not the proper remedy. *Id.* at 3. Rather, Dalluge would have to bring his constitutional claims in a non-habeas civil action. *Id.*

Dalluge timely filed objections to the R&R. ECF No. 7. In those objections, Dalluge does not address the R&R's conclusion that his claims may not be brought procedurally in a habeas petition. *See id.* Rather, Dalluge only continues to argue the merits of his Eighth Amendment claim: that he should be prescribed Suboxone, rather than Vivitrol. *See id.* at 1–2.

A district court reviews de novo those portions of an R&R to which an objection is made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). However, a district court reviews for clear error any aspect of an R&R to which no specific objection is made. *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam). Here, Dalluge's objections to the R&R do not address the basis for the R&R's recommendation of dismissal—namely, that Dalluge's claims are not cognizable in a habeas petition. Accordingly, the Court reviews the R&R for clear error. *See id.*; *Rogers v. U.S. Dep't of Agric.*, No. 17-cv-2530 (WMW/FLN), 2018 WL 1226109, at *2 (D. Minn. Mar. 9, 2018) (reviewing R&R for clear error when objections to the R&R "d[id] not address the R&R's legal analysis"). Discerning no clear error, the Court adopts the R&R in full.

## ORDER

Based upon all the files, records, and proceedings in this matter, **IT IS HEREBY ORDERED THAT**:

1. The Report and Recommendation (ECF No. 6) is **ADOPTED IN FULL**;

2. Dalluge's Objections (ECF No. 7) are **OVERRULED**;

3. The Petition (ECF No. 1) is **DENIED**; and

4. This action is **DISMISSED WITHOUT PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: February 11, 2026          *s/Laura M. Provinzino*
                                            Laura M. Provinzino
                                            United States District Judge

CASE 0:25-cv-04215-LMP-EMB   Doc. 8   Filed 02/11/26   Page 3 of 3

3